CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 08, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
 DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ELLIC TRAVIS R. BEGLEY, | ) |
| Plaintiff, | ) Civil Action No. 7:24cv00253 |
| v. | ) **MEMORANDUM OPINION** |
| DUFFIELD REGIONAL JAIL AUTHORITY, | ) By:  Hon. Thomas T. Cullen |
|  | )     United States District Judge |
| Defendant. | ) |

Plaintiff Ellic Travis R. Begley, proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against the Duffield Regional Jail Authority ("Jail Authority").[1] Begley seeks leave to proceed *in forma pauperis* with this action. Having reviewed Begley's submissions, the court grants his request to proceed *in forma pauperis* but concludes that he fails to state a cognizable federal claim against the named defendant. Therefore, the court will dismiss Begley's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.**

Begley alleges that he is falsely imprisoned "due to [a] miscalculation" of his sentence. (Compl. 2 [ECF No. 1].) As relief, Begley asks the court to "help [him] get out on [his] original date or file a civil sui[]t due to false imprisonment and violation of [his] constitutional right." (*Id.* at 3.)

By conditional filing order entered May 15, 2024, the court advised Begley that his complaint failed to adequately state a claim against the Jail Authority and directed him to file

---

[1] It appears that Begley is intending to name the Southwest Virginia Regional Jail Authority, which has a facility in Duffield, Virginia, but the distinction is not relevant to the court's adjudication of his complaint at this time.

an amended complaint with 21 days. (ECF No. 8.) More than 21 days have passed and Begley has not filed an amended complaint. The court also takes judicial notice of the fact that, since filing this action, online state inmate locators reflect that Begley is no longer in state custody.[2] *See* Southwest Virginia Regional Jail Authority, *JailTracker*, available at https://omsweb.public-safety-cloud.com/jtclientweb/ jailtracker/index/Southwest_VA (last visited July 1, 2024); Vinelink, *Virginia Search*, available at https://vinelink.vineapps.com/search/VA/Person (last visted July 1, 2024); Virginia Department of Corrections, *Inmate Locator*, available at https://vadoc.virginia.gov/general-public/inmate-locator/ (last visited July 1, 2024).

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18 (1985).

---

[2] The court notes that Begley has failed to provide the court with an updated address, as required by the court's conditional filing orders. (ECF Nos. 3 & 5.)

In this case, even after being given the opportunity to amend his complaint, Begley does not allege that any official policy or custom of the Jail Authority was responsible for the alleged miscalculation of his sentence.[3] Therefore, the court concludes that Begley has failed to state a cognizable federal claim against the Jail Authority. Moreover, "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), *see generally*, *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). Accordingly, the court will dismiss Begley's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Begley at his last known address.

**ENTERED** this 8th day of July, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[3] Although a *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).